IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Nilo Jerez, )
 )
    Plaintiff, )
 )
v. ) Case No. 1:09mc38 (GBL)
 )
The Republic of Cuba, et al., )
 )
    Defendants. )

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Movant Camara de Comercio's Motion to Intervene (Dkt. No. 10). This case concerns Plaintiff's efforts to satisfy a default judgment against the Cuban government and others for purported acts of torture committed against him. There are two issues before the Court. The first issue is whether Movant is entitled to intervene of right pursuant to Federal Rule of Civil Procedure 24(a). The second issue is, in the event that Movant is not entitled to intervene under Rule 24(a), whether the Court should permit Movant's intervention pursuant to Federal Rule of Civil Procedure 24(b). The Court grants Camara de Comercio's Motion to Intervene pursuant to Rule 24(a) because Movant's interests are not adequately represented by any existing party to the litigation. The Court need not reach the issue of whether Movant should be permitted to intervene under Rule 24(b) because it is entitled to intervene under Rule 24(a).

## I. BACKGROUND

On September 2, 2009, Plaintiff Nilo Jerez's filed an *ex parte* application in this Court for a writ of execution to satisfy a default judgment rendered by a Florida state court and given full faith, credit, and recognition by the United States District Court for the Southern District of Florida. On September 2, 2009, Plaintiff submitted a Proposed Writ of Execution seeking to levy Defendants' intellectual property alleged to be located in the Eastern District of Virginia. On November 2, 2009, this Court issued a Writ of Execution on U.S. Trademark Serial No. 72153423, the United State's registration of the Government Warranty Seal ("the Mark" or "the Seal") assigned to the Republic of Cuba.

On November 25, 2009, Movant Camara de Comercio filed this Motion to Intervene. Movant is a Cuban institution charged under Cuban law with the duty of protecting, enforcing, and managing the Government Warranty Seal and associated Mark. Camara de Comercio moves to intervene in this matter and, should its Motion be granted, plans to move the Court to either stay enforcement of the Writ or to vacate Plaintiff's Writ of Execution.

## II. STANDARD OF REVIEW

Upon timely motion, a court must allow a third party to intervene in an action where the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2).

Alternatively, a Court may permit a party to intervene under Rule 24(b) where the party "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). In considering whether to permit a party to intervene under Rule 24(b), a court must consider the potential for undue delay or prejudice to the adjudication of the original parties' rights. FED. R. CIV. P. 24(b)(3).

## III. ANALYSIS

The Court grants Camara de Comercio's Motion to Intervene pursuant to Rule 24(a) because Movant's interests in managing and enforcing the Mark are not adequately represented by any existing party to the litigation. Movant satisfies the requirements for intervention under Rule 24(a). First, it is clear that Movant has an "interest relating to" the Mark because Camara de Comercio's function is to maintain, manage, and oversee use of the General Warranty Seal protected by the Mark. Under Cuban

law, Movant is charged with 1) maintaining the effectiveness of the Government Warranty Seal's registration on registries worldwide; 2) managing, inspecting and overseeing the application and use of the Seal; 3) authorizing its use; and 4) protecting the Seal worldwide through legal actions. *See* Law 1182 (Sept. 15, 1965), 16 *Gaceta Oficial* 413, Sept. 21, 1965, Articles 1, 2, Whereas Clause (citations omitted). According to Movant, the Seal must be applied to all cigars exported from Cuba. *See* Law of 1912 (July 16, 1912), 22 *Gaceta Oficial* 981, July 25, 1912, Article 1 (creating a "certificate of origin in the form of a seal or special band representing a national guarantee . . . which shall be applied to all boxes or packages of cigars produced . . . for export."). It is also clear that enforcement of the Writ would impede Movant's interest in managing and ensuring the effectiveness of the Seal. Thus, Movant is entitled to intervene under Rule 24(a).

Plaintiff does not contest the timeliness of the Motion or Movant's interest in the Mark, but instead argues that Movant's interests are adequately represented by an existing party, the Republic of Cuba, and therefore Movant cannot intervene of right under Rule 24(a). The Court rejects this argument for two reasons. First, the Republic of Cuba does not constitute an "existing party" under Rule 24(a) because it has not entered an appearance. Courts recognize a movant's right to intervene under

4

Rule 24(a) where a named party either fails to appear or later withdraws from an action. *See Roeder v. Islamic Republic of Iran*, 333 F.3d 228 (D.C. Cir. 2003) (Rule 24(a) intervention by United States where Iran failed to appear in action involving U.S. Embassy in Iran); *F. W. Woolworth Co. v. Miscellaneous Warehousemen's Union, Local No. 781*, 629 F.2d 1204 (7th Cir. 1998) (Rule 24(a) intervention where union withdrew from case and no longer represented employees' interests). Here, the Republic of Cuba has not entered an appearance in this matter or the underlying action. Plaintiff attempts to argue that the Republic of Cuba has some sinister motive in not appearing in this case and that therefore Movant should be denied intervention. The Court finds this argument inappropriate and unavailing. A named defendant "is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982). As such, no party "exists" that represents Movant's interests.

Second, even if the Court accepted Plaintiff's argument that the Republic of Cuba constitutes an existing party as a named defendant, it is clear that the Republic of Cuba fails to "adequately represent" Movant's interests. In determining whether an interest is adequately represented,

5

> The easiest case is that in which the [intervenor] has an interest that may, as a practical matter, be harmed by disposition of the action and the [intervenor]'s interest is not represented at all. An interest that is not represented is surely not adequately represented and intervention must be allowed.

7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1909 (3d ed., rev. 2009). Here, as mentioned above, the Republic of Cuba has not entered an appearance and therefore cannot be said to adequately represent Movant's interests. Furthermore, Movant's burden in showing inadequate representation is not a strenuous one. The adequate representation requirement "is satisfied if the [movant] shows that representation of [its] interests 'may be' inadequate; and the burden of making that showing should be treated as minimal.'" *Cooper Techs., Co. v. Dudas*, 247 F.R.D. 510, 515 (E.D. Va. 2007) (quoting *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972)). *See also Commonwealth of Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976) (movant's "burden of showing an inadequacy of representation is minimal"). Accordingly, the Court finds that Movant's interests are not adequately represented and grants the Motion to Intervene pursuant to Rule 24(a). Therefore, it is hereby

ORDERED that Movant Camara de Comercio's Motion to Intervene is GRANTED.

The Clerk is directed to forward a copy of this Order to counsel.

Entered this 16th day of February, 2010.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge

_____/s/_____
Gerald Bruce Lee
United States District Judge